# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MATTHEW J. KENNEDY,
    Appellant,

      v.

DEPARTMENT OF THE ARMY,
    Agency.

DOCKET NUMBER
SF-315H-16-0767-I-1

DATE: May 31, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Matthew J. Kennedy</u>, Honolulu, Hawaii, pro se.

<u>Dawn Dobbs</u>, Esquire, and <u>James L. Paul</u>, Schofield Barracks, Hawaii, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his probationary termination for lack of Board jurisdiction. For the reasons set forth below, the appellant's petition for review is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2       Effective September 7, 2015, the agency terminated the appellant from the GS-5 Medical Support Assistant position during his probationary period. Initial Appeal File (IAF), Tab 9 at 9-11. The appellant timely appealed the agency's action. IAF, Tab 1. The administrative judge found that the appellant failed to make a nonfrivolous allegation that, despite his status as a probationary employee, the Board had jurisdiction over his appeal because he was an employee within the meaning of 5 U.S.C. § 7511(a)(1)(A), because his termination was based on partisan political reasons or marital status, or because the termination was based in whole, or in part, on conditions arising before his appointment and did not comport with proper procedures. IAF, Tab 10, Initial Decision (ID) at 6-10. The administrative judge dismissed the appeal for lack of jurisdiction in an October 17, 2016 initial decision. ID at 1, 11. The initial decision notified the appellant of his further review rights, including the deadline for filing a petition for review—November 21, 2016. ID at 11.

¶3       On December 5, 2016, the appellant electronically filed a petition for review through the Board's e-Appeal Online System, asking the Board to reconsider the initial decision. Petition for Review (PFR) File, Tab 1. In his petition for review, the appellant did not address the timeliness of his submission. *Id.* The agency responded to the petition, moving that it be dismissed as untimely filed. PFR File, Tab 3.

¶4       The Office of the Clerk of the Board, by notice dated December 6, 2016, acknowledged the appellant's petition for review. PFR File, Tab 2. The Clerk informed the appellant that his petition was untimely filed because it was not postmarked or received in the Clerk's office on, or before, November 21, 2016.

*Id.* at 2.  The Clerk further informed the appellant that the Board may dismiss his petition for review as untimely filed unless he filed a motion, including a statement, signed under penalty of perjury, or an affidavit, showing that his petition for review was timely filed or that good cause existed for the filing delay. *Id.*  The Clerk enclosed with the notice a "Motion to Accept Filing as Timely or to Waive Time Limit."  *Id.* at 7-8.  The Clerk's notice afforded the appellant until December 21, 2016, to file that motion.  *Id.* at 2.  The appellant did not respond to the Clerk's notice.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after the date that he received the initial decision.  5 C.F.R. § 1201.114(e).  The initial decision was issued on October 17, 2016, and was sent to the appellant, who was a registered e-filer, the same day.  ID at 1; IAF, Tab 11. Board documents served electronically on registered e-filers are deemed received on the date of the electronic submission.  5 C.F.R. § 1201.14(m)(2).  Thus, as the initial decision sets forth, the appellant's petition for review was due on, or before, November 21, 2016, and his December 5, 2016 petition for review was untimely filed by 14 days.

¶6        The Board will waive the time limit for filing a petition for review only on a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(g).  To establish good cause for the untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Harrison v. Office of Personnel Management*, 114 M.S.P.R. 453, ¶ 5 (2010) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). Here, the appellant filed his petition for review 14 days after the filing deadline,

and despite the Clerk of the Board's notice, he has not offered any explanation for the filing delay.

¶7     Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's termination.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems*

*Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](#) (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* [42 U.S.C. § 2000e-5](#)(f) and [29 U.S.C. § 794a](#).

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. [5 U.S.C. § 7702](#)(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. [5 U.S.C. § 7702](#)(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.